Lawrence J. BARNETT, Plaintiff,

v.

STATE OF WISCONSIN ETHICS BOARD, Defendant.

Civ. A. No. 91–C–1199.

United States District Court, E.D. Wisconsin.

April 6, 1993.

Lynn Adelman, Adelman, Adelman & Murray, Milwaukee, WI, for plaintiff.

Alan Lee, Asst. Atty. Gen., Madison, WI, for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### BACKGROUND

On November 7, 1991, plaintiff Lawrence J. Barnett ("Barnett"), an associate professor at the University of Wisconsin–Milwaukee, commenced this action for declaratory judgment. Barnett alleges that § 19.45(12) of the Wisconsin statutes, the Wisconsin "gag law," violates his rights under the First and Fourteenth Amendments of the United States Constitution and under Article I, Sections 1 and 3 of the Wisconsin Constitution.

The Wisconsin gag law provides:

No agency, as defined in s. 16.52(7), or officer or employe thereof may present any request, or knowingly utilize any interests outside the agency to present any request, to either house of the legislature or any member or committee thereof, for appropriations which exceed the amount requested by the agency in the agency's most recent request submitted under s. 16.42.[1]

(Wis.Stat. § 19.45(12) (1991–1992).) Defendant State of Wisconsin Ethics Board ("the Board") administers and interprets Wisconsin's Ethics Code, which includes the gag law.

If the Board determines that the gag law has been violated, it may censure, suspend, or remove the violating state public official; order the violator to conform his or her conduct to the law; or order the violator to forfeit up to $5,000. Wis.Stats. § 19.53(1), (5) and (6) (1991–1992). In addition, if a person intentionally violates the gag law, he or she is fined and/or imprisoned. Wis.Stat. § 19.58(1) (1991–1992).

Barnett states that:

I frequently desire to contact state legislators, and legislative committees to present requests for appropriations for the University of Wisconsin System and UWM which exceed the requests made by those institutions in their § 16.42 budget submissions.

I do not make such requests or seek to influence legislators or legislative committees, nor do I enlist outside interests such as my union to speak to legislators or legislative committees on this subject, because such speech is prohibited by § 19.-45(12) Stats.

(Apr. 3, 1992 Barnett Aff. ¶¶ 3, 4.)

This court has jurisdiction over this action pursuant to Title 28 United States Code §§ 1331 and 1343(3), and has pendent jurisdiction over Barnett's state law claims. Presently before this court are the parties' cross-motions for summary judgment. For the reasons discussed below, this court finds that the gag law violates the First Amend-

---

1. Section 16.42 requires agencies to provide certain program and financial information to the department of administration and the legislative fiscal bureau.

ment.[2]

## ANALYSIS

Both parties agree that the University of Wisconsin System and the University of Wisconsin–Milwaukee are agencies as defined in § 16.52(7), and that Barnett, when acting as an employee of a state agency, is subject to the provisions of the gag law.

Barnett argues that the gag law is unconstitutional because (1) it is unconstitutionally overbroad, and (2) it is a content-based regulation because it prohibits advocacy of a particular idea—additional spending by state government. The Board argues that (1) this action is not ripe for court review; (2) Barnett lacks standing; (3) this court should abstain; and (4) the complaint fails to state a claim.

*Ripeness and Standing*

In determining whether an action is ripe for review, a court must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 1516, 18 L.Ed.2d 681 (1967).

▮ The Board argues that this action is not ripe because Barnett could request an advisory opinion from the Board pursuant to Wis.Stats. § 19.46(2). Under this provision, Barnett would need to provide the Board with a specific description of the activity he wishes to engage in; the Board asserts that if it determines that such activity does not violate the gag law, Barnett could not be sanctioned. The Board states that "[t]he plaintiff has made no showing that the Ethics Board would not or could not consider his [F]irst [A]mendment claim. Although the State Ethics Board could not declare the statute unconstitutional, that does not mean that the plaintiff need not present his claim to the board...." (May 15, 1992 Br. at 4.)

The Board presents no relevant authority, however, as to why Barnett should be required to request an opinion from the Board. There is a practical concern that an agency

employee would have to request an opinion every time he or she wishes to address the legislature so that the precise facts would be before the Board. Additionally, this court does not know the time period between a request and the Board's response; an employee's current desire to address the legislature may become moot if the Board does not immediately issue an opinion.

This court believes that a requirement to obtain an advisory opinion would be an unreasonable impediment to exercising constitutionally protected rights to free speech, and Barnett's failure to request an opinion does not negate the ripeness of the present issue. Barnett has an existing desire to address the legislature without having to worry about whether he will be prosecuted or otherwise penalized under the gag law.

▮ The Board also maintains that Barnett lacks standing because he has not suffered a direct injury. In the First Amendment context, however, courts are less willing to refrain from adjudication for fear of the chilling effect on members of society that an unconstitutional statute may have. *Secretary of State of Md. v. J.H. Munson Co.*, 467 U.S. 947, 956–957, 104 S.Ct. 2839, 2846–2847, 81 L.Ed.2d 786 (1984); *Sequoia Books, Inc. v. Ingemunson*, 901 F.2d 630, 634 (7th Cir.), *cert. denied*, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990). In the present case, the parties do not have an abstract disagreement, but rather a dispute regarding the legal construction of the gag law. As noted above by Barnett's affidavit, the gag law is chilling speech. This action presents a significant controversy for this court to resolve.

*Abstention*

▮ The Board contends that this court should abstain from ruling on the constitutionality of the gag law, citing *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The argument essentially is that this court should abstain from exercising jurisdiction over this action as it involves state interests and policies. Abstention, however, is the exception. *Ankenbrandt v. Richards*, —— U.S. ——, 112

---

**2.** While Barnett's complaint alleges that the gag law violates other constitutionally protected rights, both parties only address the First Amendment allegation. This court will therefore limit its discussion to the First Amendment.

S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976)). The Board asserts that the gag law can be read as consistent with the First Amendment. As the following discussion reveals, the gag law on its face violates the First Amendment; this court concludes that it should not abstain.

*Constitutionality of the Gag Law*

■■ A statute is overbroad if it forbids constitutionally protected speech while proscribing unprotected speech. *See Forsyth County, Ga. v. Nationalist Movement,* — U.S. —, —, 112 S.Ct. 2395, 2401, 120 L.Ed.2d 101 (1992). Barnett maintains that the gag law is overbroad because it applies to speech both during and off work time and to speech made both as an agency representative and as a private citizen. The Board asserts that "[t]he statute does not purport to regulate an employee's conduct or lobbying activities as a private individual"; "Mr. Barnett is free to express his private opinions on the appropriate funding level for any state agency to anyone, including the Legislature." (May 15, 1992 Br. at 9, 11.)

The Board offers in support of its assertion an attorney general opinion, in which former Attorney General Donald J. Hanaway interpreted the gag law as only applying to employees in their official capacities.[3] The Board observes this interpretation. *See* The Board's published guideline, "Limitations on Agencies' Lobbying for Greater Appropriations," attached to the May 13, 1992 Becker Aff.

This court is unpersuaded by the Board's assertion. The Board would have this court read the gag law as meaning something other than what it clearly states. On its face, the gag law prohibits an agency employee

from communicating with the legislature, regardless of the employee's capacity. There is no language limiting application of the gag law to employees only in their "official" capacities. Nor is there language limiting application of the gag law to employees only during work hours. Additionally, the gag law is enforced by district attorneys across the state; there is no guarantee that they will accept and follow the Board's interpretation.

Statutes restricting protected speech must be narrowly drawn. *Broadrick v. Oklahoma,* 413 U.S. 601, 611, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973). Teachers may not "be compelled to relinquish the First Amendment rights they would otherwise enjoy as citizens to comment on matters of public interest in connection with the operation of the public schools in which they work." *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968); *see also Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 1689–90, 75 L.Ed.2d 708 (1983). "[E]xpression on public issues 'has always rested on the highest rung of the hierarchy of First Amendment values.' " *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 913, 102 S.Ct. 3409, 3425, 73 L.Ed.2d 1215 (1982) (citing *Carey v. Brown,* 447 U.S. 455, 467, 100 S.Ct. 2286, 2293–94, 65 L.Ed.2d 263 (1980)).

■ In determining whether Barnett's proposed speech addresses matters of public interest, this court looks to the speech's content, form, and context. *See Connick,* 461 U.S. at 147–148, 103 S.Ct. at 1690–1691. This determination is a question of law. *Colburn v. Trustees of Indiana Univ.* 973 F.2d 581, 585 (7th Cir.1992).

---

**3.** This court does not agree that the attorney general unambiguously concluded that the gag law does not apply to employees in their private capacities. On the one hand, the attorney general states that "[i]f the law purported to regulate a state employe's right to express his or her opinions as a private individual, the law would certainly be unconstitutional." (77 Op.Att'y Gen. 184, 184 (1988).) However, he goes on to state that "[t]he statute does not presume to limit the public employe's freedom to express himself or herself on matters of public policy, including

budget requests, except 'to either house of the legislature or any member or committee thereof.' " (*Id.* at 186.) This sentence implies that the gag law does not prevent a public employee from speaking on matters of public interest in general, but does prohibit all communication, in any capacity, regarding budget matters with "either house of the legislature or any member or committee thereof." The attorney general concludes that such a restriction "is a reasonable regulation of public employment." (*Id.*)

School funding is a matter of public concern. *See Pickering*, 391 U.S. at 571–75, 88 S.Ct. at 1736–38. Even if Barnett wishes to raise some points in which he has a personal interest, this does not preclude constitutional protection of his speech. *Colburn*, 973 F.2d at 587. Agency funding, and in particular funding of state educational institutions, is a matter of public interest; such funding affects the state's general population. The Board apparently agrees. *See* May 15, 1992 Br. at 11. This court concludes that the speech in which Barnett wishes to engage addresses matters of public concern.

Because Barnett's speech touches matters of public concern, this court must weigh his interest in engaging in the speech with the state's interest in efficiently accomplishing its responsibilities to the public.[4] *See Connick*, 461 U.S. at 149–150, 103 S.Ct. at 1691–1692 (discussing *Pickering* ).

In *Pickering*, a teacher challenged his termination after he wrote a letter to a newspaper in which he criticized the board of education on financial issues. The Court found that because the teacher's employment was not substantially related to his criticism on funding, he should be treated as a member of the general public who is free to contribute to public debate on funding. *Pickering* 391 U.S. at 574, 88 S.Ct. at 1737–38. Where the State allows citizens to become involved in school-related matters, it is difficult to justify the exclusion of teachers who are intimately involved with and informed on the issues before the legislature. *See Madison Sch. Dist. v. Wisconsin Employment Relations Comm'n*, 429 U.S. 167, 175–176, 97 S.Ct. 421, 426–427, 50 L.Ed.2d 376 (1976). Teachers should not be prohibited from addressing the legislature merely on the basis of their employment and the content of their speech. *See Id.* at 176, 97 S.Ct. at 426–27.

The Board claims that the gag law serves important state interests as articulated in a April 7, 1990 veto message from Governor Tommy Thompson. Governor Thompson asserted that if the gag law was repealed, it would be unclear as to who has authority to request funding for agencies, and the budget process would be disrupted.[5] The Board does not, however, discuss why other communication with legislators would not likewise impede the legislative process. This court concludes that the Board has failed to advance concrete, substantiated reasons to justify the gag law's general prohibition against the protected speech at issue.[6]

For the above reasons, this court finds that the gag law violates the First Amendment.[7]

**IT IS THEREFORE ORDERED** that plaintiff Lawrence J. Barnett's April 6, 1992 motion for summary judgment is GRANTED.

**IT IS FURTHER ORDERED** that defendant State of Wisconsin Ethics Board's May 15, 1992 motion for summary judgment is DENIED.

**IT IS FURTHER ORDERED** that the clerk enter a declaratory judgment that Wisconsin Statute § 19.45(12) on its face violates the First Amendment of the United States Constitution.

---

4. Because the gag law makes no distinction between official and personal capacity, this court need not address the question of whether a similar restriction limited to an employee purporting to represent an agency on official time would be a reasonable regulation of public employees.

5. The factual record on summary judgment includes sworn testimony based upon personal knowledge. Fed.R.Civ.P. 56(e). The Board provides no affidavits, or any other supporting documents, to sustain its assertion that the legislative process would be disrupted if the gag law were repealed.

6. This court notes that the concerns raised in other cases regarding employee speech which addresses employment-related matters are not present here. Barnett does not propose to make criticisms of his superiors. Nor is there any indication that Barnett's speech would in some manner disrupt the employment relationship, interfere with his work performance, or otherwise harm the public.

7. This decision does not reach Barnett's assertion that the gag law is a content-based regulation.